

**U.S. Department of Justice**

*United States Attorney
District of New Jersey
Special Prosecutions Division*

---

*970 Broad Street, Suite 700*  (973) 645-2700
*Newark, NJ 07102*

VK/LMCJR PL AGR
2014R01002

July 8, 2016

Michael Chertoff, Esq.
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington DC 20001-4956

Justin P. Walder, Esq.
Pashman Stein Walder Hayden
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

        Re:   <u>Plea Agreement with David Samson</u>

Dear Messrs. Chertoff and Walder:

      This letter sets forth the plea agreement between your client, David Samson, and the United States Attorney's Office for the District of New Jersey ("this Office").

<u>Charge and Sentencing</u>

      Conditioned on the understandings specified below, David Samson will plead guilty to an Information charging that he knowingly and corruptly did solicit, demand, accept, and agree to accept something of value, intending to be influenced and rewarded in connection with the business, a transaction, and a series of transactions of the Port Authority of New York and New Jersey ("Port Authority"), in violation of Title 18, United States Code, Section 666(a)(1)(B).

      The violation of 18 U.S.C. § 666(a)(1)(B) to which David Samson agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. Further, pursuant to 18 U.S.C. § 3583, the sentencing judge may require David Samson

to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed.

As stipulated in the attached Schedule A, this Office and David Samson agree that the United States Sentencing Guidelines offense level applicable to David Samson is 17, which, assuming a criminal history category of I, corresponds to a range of 24 to 30 months of potential imprisonment. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and David Samson agree that the maximum term of imprisonment that can be imposed on David Samson is 24 months, and the maximum term of supervised release that can be imposed on David Samson is 36 months. In addition, this Office and David Samson agree that David Samson has the right to move for a downward variance pursuant to 18 U.S.C. § 3553(a) and for a downward departure or adjustment to seek a sentence of probation, and this Office has the right to oppose any such motions and seek a sentence of up to 24 months' imprisonment. Accordingly, if the Court accepts this Agreement pursuant to Rule 11(c)(1)(C), David Samson will receive a sentence between probation and 24 months' imprisonment and not more than 36 months of supervised release. This Office and David Samson may inform the sentencing judge and the United States Probation Office of all information relevant to sentencing, including: (1) this Agreement; and (2) the full nature and extent of David Samson's activities and relevant conduct with respect to this case.

Further, by statute, the sentencing judge: (1) will order David Samson to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which must be paid by the date of sentencing; (2) may order David Samson to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and (3) may order David Samson, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense. In addition, should the sentencing judge place David Samson on a term of supervised release and should he subsequently violate any of the conditions of supervised release before the expiration of its term, David Samson may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

If David Samson enters a guilty plea and is sentenced consistent with this Agreement and otherwise fully complies with all of the terms of this Agreement, this Office will not initiate any further criminal charges against David Samson for violations related to the use of his official position and authority as the Chairman of the Port Authority Board of Commissioners to pressure United Continental Holdings, Inc., which owned and operated United Airlines, Inc., to reinstate and operate a non-stop flight route between Newark Liberty International Airport in New Jersey and Columbia Metropolitan Airport in South Carolina.

Should the Court at any time reject this plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea. This Office will advise the Court and the United States Probation Department of information related to sentencing, and such information may be used by the Court in determining whether to accept this Agreement and sentence David Samson in accordance with this Agreement.

In the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, David Samson agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this Agreement is signed by David Samson may be commenced against him, notwithstanding the expiration of the limitations period after David Samson signs the Agreement.

Stipulations

This Office and David Samson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which is a part of this Agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this Agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in Schedule A, this Office shall not be bound by that stipulation. A determination that any stipulation is not binding shall not release either this Office or David Samson from any other portion of this Agreement, including any other stipulation. These stipulations do not restrict the parties' right to respond to questions from the Court and to correct any information provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

If the Court accepts this Agreement and imposes a sentence permitted by this Agreement, neither this Office nor David Samson will appeal, and David Samson will not file any collateral attack, writ, or motion challenging his conviction or sentence.

No provision of this Agreement shall preclude David Samson from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that David Samson received constitutionally ineffective assistance of counsel.

Other Provisions

This Agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this Agreement to the attention of other prosecuting offices, if requested to do so.

This Agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against David Samson. This Agreement does not prohibit the United States, or any of its agencies (including the Internal Revenue Service), or any

third party from initiating or prosecuting any civil or administrative proceeding against David Samson.

No Other Promises

       This Agreement constitutes the plea agreement between David Samson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: *[signature]*
    Vikas Khanna
    Assistant U.S. Attorney

*[signature]*
Lee M. Cortes, Jr.
Assistant U.S. Attorney

APPROVED:

*[signature]*
J Fortier Imbert
Senior Litigation Counsel

- 4 -

I have received this letter from my attorneys, Michael Chertoff, Esq. and Justin P. Walder, Esq., and I have read it. My attorneys and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver of appeal and collateral attack, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has on this Agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 7/8/16
David Samson


We have discussed with our client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver of appeal and collateral attack, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has on this Agreement. Our client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 7/8/16
~~Michael Chertoff, Esq.~~ Nancy Kestenbaum

_____          Date: 7/8/16
Justin P. Walder Esq.

-5-

Plea Agreement with David Samson

Schedule A

1. This Office and David Samson recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and David Samson nevertheless agree to the stipulations below.

2. The version of the United States Sentencing Guidelines effective November 1, 2015 applies to this case, and the following provisions of the United States Sentencing Guidelines apply to David Samson's conduct:

    a. The applicable guideline is U.S.S.G. § 2C1.1.

    b. The guideline for the offense carries a Base Offense Level of 14. U.S.S.G. § 2C1.1(a)(1).

    c. The value of the benefit obtained by David Samson was more than $6,500 but less than $15,000. The offense level is therefore increased by 2 levels. U.S.S.G. § 2C1.1(b)(2); U.S.S.G. § 2B1.1(b)(1)(B).

    d. David Samson was a public official in a high-level decision-making or sensitive position. The offense level is therefore increased by 4 levels. U.S.S.G. § 2C1.1(b)(3).

    e. As of the date of this letter, David Samson has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if David Samson's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

    f. As of the date of this letter, David Samson has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If David Samson enters a plea pursuant to this Agreement, David Samson will be entitled to a further 1-point reduction in his offense level. U.S.S.G. § 3E1.1(b).

    g. In accordance with the above, the parties agree that the total Guidelines offense level applicable to David Samson is 17.